### ROSENFELD *v.* NEW.

*(Common Pleas of New York City and County, General Term. June 2, 1890.)*

1. **MASTER AND SERVANT—CONTRACT OF HIRING—COMPENSATION.**
    Plaintiff admitted that, before starting on his first business trip for defendant, he told the latter that he could not travel on $50 per week, but would try to do so. On that trip he charged and was allowed $60 per week for traveling expenses, but admitted that he subsequently submitted to a deduction from his salary for having charged more than $50 per week. He claimed that he did not acquiesce in the deduction, denied that he ever contracted to fix his traveling expenses at $50 per week, and testified that he actually expended $60 per week therefor. *Held*, that the question whether he had agreed to receive $50 per week for his traveling expenses was for the jury.

2. **ACCORD AND SATISFACTION—EVIDENCE.**
    The fact that, on leaving defendant's employ, plaintiff consented to receive the amount appearing by defendant's books to be due him, does not show an accord and satisfaction, where plaintiff refused to sign a receipt in full, and gave no receipt at all.

3. **SAME—BURDEN OF PROOF.**
    Where defendant alleges an accord and satisfaction, he has the burden of proving it.

Appeal from city court, general term.

Action by Louis Rosenfeld against Jacob New, for moneys deducted from the salary of plaintiff while he was in defendant's employ, for alleged overcharges in his traveling expenses. A judgment entered on a verdict for plaintiff was affirmed by the general term of the city court, and defendant again appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Edward Browne*, for appellant. *Joseph C. Rosenbaum*, for respondent.

LARREMORE, C. J. I am of opinion that there was evidence to go to the jury on all the disputed points, and that the submission of the whole issue to them was fair, and free from error. The court could not have charged as matter of law that plaintiff entered into an actual agreement that his traveling expenses should not exceed $50 per week. He admits that he said, before starting on his first business trip, that he could not travel on any such

money, but that he would try to. Upon this trip he charged his traveling expenses at $60 per week, and they were allowed by defendant at that rate, without objection. Plaintiff admits that, upon subsequent trips, he submitted to a reduction of his salary of $100 in installments, because of his having charged $60, instead of $50, per week. But this he claims was without any final acquiescence in defendant's authority to make such deduction, and therefore without releasing any existing legal rights; and he denies that he ever made any contract fixing his expenses at $50. He testifies that he actually expended $60 per week for traveling expenses during the period he was employed. The question whether or not such alleged $50 agreement existed was properly sent to the jury.

There is also evidence to support the verdict in plaintiff's favor on the question of the alleged accord and satisfaction. Although he consented to receive, at the time of leaving defendant's employ, the amount which appeared due by the defendant's books, he refused to sign a receipt in full for the same, although requested to do so, and in fact gave no receipt at all. Certainly the court would not have been justified in directing a verdict for defendant on this point, and I think the trial judge correctly charged that the burden of proof to establish the alleged accord and satisfaction was on the defendant. The judgment appealed from should be affirmed, with costs. All concur.